USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-23-10

Marrero, J

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>ITT EDUCATIONAL SERVICES INC., *et al.*,<br><br>Defendants. | Case No. 10-cv-8323<br><br>Hon. Victor Marrero |
| ANTONIO COSING, Derivatively and on Behalf of ITT EDUCATIONAL SERVICES INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN M. MODANY, *et al.*,<br><br>Defendants,<br><br>and<br><br>ITT EDUCATIONAL SERVICES INC.,<br><br>Nominal Defendant. | Case No. 10-cv-8597<br><br>Hon. Victor Marrero |
| J. KENT GREGORY, Derivatively on behalf of ITT EDUCATIONAL SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN M. MODANY, *et al.*,<br><br>Defendants,<br><br>and<br><br>ITT EDUCATIONAL SERVICES, INC.,<br><br>Nominal Defendant. | Case No. 10-cv-9084<br><br>Hon. Victor Marrero |
| This document relates to Consolidated Case Nos. 10-cv-8597 and 10-cv-9084 | |

## STIPULATION AND [PROPOSED] ORDER ACCEPTING SERVICE, APPOINTING LEAD PLAINTIFFS' COUNSEL, AND SETTING SCHEDULE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

IT IS HEREBY STIPULATED AND AGREED, by and among the parties listed below, by their undersigned counsel as follows:

1.  This document relates to the following consolidated cases: *Cosing v. Modany, et al.*, 10-cv-8597 (S.D.N.Y.; filed November 12, 2010) and *Gregory v. Modany, et al.*, 10-cv-9084 (S.D.N.Y.; filed December 3, 2010) (collectively, the "Derivative Actions").

2.  Gibson, Dunn & Crutcher LLP hereby appears specially in the Derivative Actions on behalf of defendants Kevin M. Modany, John F. Cozzi, John E. Dean, James D. Fowler, Jr., Joanna T. Lau, Samuel L. Odle, Lloyd G. Waterhouse, Vin Weber, John A. Yena, Clark D. Elwood, and Daniel M. Fitzpatrick (hereinafter, the "Individual Defendants"). Gibson, Dunn & Crutcher LLP agrees to, and hereby does, accept service of process in the Derivative Actions on behalf of the Individual Defendants, without prejudice to any defenses except sufficiency of service of process.

3.  Allegaert Berger & Vogel LLP hereby appears in the Derivative Actions on behalf of nominal defendant ITT Educational Services Inc. (hereinafter, "ITT" and, collectively with the Individual Defendants, "Defendants"). Allegaert Berger & Vogel LLP agrees to, and hereby does, accept service of process in the Derivative Actions on behalf of ITT, without prejudice to any defenses except sufficiency of service of process.

4.  The Derivative Actions are brought against certain officers and directors of ITT and involve the same subject matter, substantially the same defendants, and common questions of law and fact and are pending before this Court. Accordingly, by Order of this Court dated December 13, 2010, the Derivative Actions were consolidated for all pretrial purposes (hereinafter, the

"Consolidated Derivative Action"). The Court further ordered on December 14, 2010, that the Derivative Actions be consolidated with the related securities class action, *Operating Engineers Construction Industry & Miscellaneous Pension Fund v. ITT Educational Services, et al.*, 10-cv-8323 (S.D.N.Y.) (the "Securities Action"), and that all filings in connection with the Securities Action and the Consolidated Derivative Action be maintained in one file under Lead Case No. 10-cv-8323.

5. In an effort to further assure consistent rulings and decisions and the avoidance of unnecessary duplication of effort, the undersigned counsel for plaintiffs and counsel for Defendants in the Derivative Actions enter into this stipulation. The counsel are: (1) Kahn Swick & Foti, LLC on behalf of plaintiffs Antonio Cosing and J. Kent Gregory ("Plaintiffs"); (2) Finkelstein Thompson LLP on behalf of Plaintiff J. Kent Gregory; (3) Gibson, Dunn & Crutcher LLP on behalf of the Individual Defendants; and (4) Allegaert Berger & Vogel LLP on behalf of nominal defendant ITT.

6. Subject to approval of the Court, the parties agree that every pleading filed in this Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ITT EDUCATIONAL SERVICES INC. SECURITIES AND SHAREHOLDER DERIVATIVE LITIGATION | ) Lead Case No. 10-cv-8323 ) ) ) |
| This Document Relates To: | ) ) ) |
| ALL DERIVATIVE ACTIONS | ) ) ) |

7. When a pleading or other court paper filed in the Consolidated Derivative Action is intended to apply to all derivative actions therein, the words "All Derivative Actions" shall appear

2

immediately under the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by last name of the named plaintiff(s) and the docket number(s).

8. The parties agree that it would be duplicative and wasteful of the Court's resources for Defendants named in Plaintiffs' shareholder derivative actions to have to respond to the individual complaints. Therefore, the parties agree that, pending the filing of an Amended Consolidated Derivative Complaint, the complaint filed in *Cosing v. Modany, et al.*, 10-cv-8597, filed on November 12, 2010, shall be deemed the operative complaint for the Consolidated Derivative Action (hereinafter, "Operative Complaint"), suspending the complaint filed in *Gregory v. Modany, et al.*, 10-cv-9084, on December 3, 2010, and all complaints filed in any of the derivative actions consolidated forthwith. Defendants need not respond to any other related derivative complaints that are subsequently assigned, remanded, or transferred to this Court.

9. The Defendants in the Securities Action intend to file a motion to dismiss in said action. As such, the parties further agree that a stay of the Consolidated Derivative Action is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the parties, and will more closely align the proceedings in the Consolidated Derivative Action with the proceedings in the Securities Action. The proceedings in the Consolidated Derivative Action shall be stayed until the Securities Action is dismissed with prejudice or the Defendants file an answer in the Securities Action.

10. This agreement is without prejudice to Defendants' right to move to stay or transfer the Consolidated Derivative Action before their answer in the Consolidated Derivative Action becomes due.

3

11. In the event that any discovery is provided or produced to Plaintiffs in the Securities Action, by way of Court order or otherwise, at any time prior to the filing of an answer by Defendants in the Securities Action or dismissal with prejudice of the Securities Action, Defendants will provide copies of that discovery to Plaintiffs in the Consolidated Derivative Action, provided that the parties have executed a protective order. Defendants will provide Plaintiffs in the Consolidated Derivative Action with any discovery produced in the Securities Action at the same time such discovery is provided to the plaintiff in that action.

12. Plaintiffs will have thirty (30) days from when the Securities Action is dismissed with prejudice or the Defendants file an answer in the Securities Action to file an Amended Consolidated Derivative Complaint or, in the alternative, rest upon the Operative Complaint. Defendants will answer, move against, or otherwise respond to the Amended Consolidated Derivative Complaint or the Operative Complaint, as the case may be, within sixty (60) days after Plaintiffs file an Amended Consolidated Derivative Complaint or rest upon the Operative Complaint.

13. In the event that Defendants file and serve any motions directed at the Amended Consolidated Derivative Complaint or the Operative Complaint, as the case may be, Plaintiffs shall file and serve their opposition within sixty (60) days after service of defendants' motion. If Defendants file and serve a reply to Plaintiffs' opposition, they will do so within thirty (30) days after Plaintiffs' service of the opposition. Counsel agree to confer to select a hearing date.

14. Counsel for Plaintiffs in the Consolidated Derivative Action will be invited to participate in any settlement meeting or conferences that might be held in the Securities Action.

15. Subject to approval of the Court, the parties agree that Co-Lead Counsel for Plaintiffs for the conduct of this Consolidated Derivative Action are:

KAHN SWICK & FOTI, LLC
LEWIS S. KAHN
*lewis.kahn@ksfcounsel.com*
ALBERT M. MYERS
*albert.myers@ksfcounsel.com*
MELINDA A. NICHOLSON
*melinda.nicholson@ksfcounsel.com*
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

-and-

FINKELSTEIN THOMPSON LLP
DONALD J. ENRIGHT
*denright@finkelsteinthompson.com*
MICHAEL G. MCLELLAN
*mmclellan@finkelsteinthompson.com*
SHIVA SHARIFAHMADIAN
*ssharif@finkelsteinthompson.com*
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Fax: (202)337-8090

16.     Subject to approval of the Court, the parties agree that Plaintiffs' Co-Lead Counsel shall have authority to speak for Plaintiffs in matters regarding pretrial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

17.     Subject to approval of the Court, the parties agree that Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of the Court. The parties agree that no motion, request for discovery, or other pretrial or trial proceedings will be initiated or filed by any Plaintiff except through Plaintiffs' Co-Lead Counsel.

18. Subject to approval of the Court, the parties agree that Defendants' counsel may rely upon all agreements made with any of Plaintiffs' Co-Lead Counsel, or any duly authorized representative of Plaintiffs' Co-Lead Counsel, and such agreements will be binding on all Plaintiffs.

19. The parties agree that this Order shall apply to each shareholder derivative action, arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in, removed to, or transferred to this Court.

20. The parties agree that when a shareholder derivative case which properly belongs as part of the *In re ITT Educational Services Inc. Securities and Shareholder Derivative Litigation*, Lead Case No. 10-cv-8323 is hereafter filed in this Court or transferred here from another court, counsel will call to the attention of the Clerk of the Court the filing or transfer of any such case that might properly be consolidated as part of the *In re ITT Educational Services Inc. Securities and Shareholder Derivative Litigation*, Lead Case No. 10-cv-8323, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

Dated: December 22, 2010        Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

By: /s/ Albert Myers

Lewis S. Kahn (admitted *pro hac vice*)
*lewis.kahn@ksfcounsel.com*
Albert M. Myers (a member of the bar of this Court)
*albert.myers@ksfcounsel.com*
Melinda A. Nicholson (application for admission pending)
*melinda.nicholson@ksfcounsel.com*
206 Covington Street
Madisonville, Louisiana 70477
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Attorneys for Plaintiffs Antonio Cosing and J. Kent Gregory*

6

-and-

**FINKELSTEIN THOMPSON LLP**

By: _____

Donald J. Enright (*pro hac vice* application to be filed)
*denright@finkelsteinthompson.com*
Michael G. McLellan (*pro hac vice* application to be filed)
*mmclellan@finkelsteinthompson.com*
Shiva Sharifahmadian (*pro hac vice* application to be filed)
*ssharif@finkelsteinthompson.com*
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Fax: (202)337-8090

*Attorneys for Plaintiff J. Kent Gregory*

-and-

**GIBSON, DUNN & CRUTCHER LLP**

By: _____
Jennifer L. Conn (a member of the bar of this Court)
*jconn@gibsondunn.com*
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Fax: (212) 351-4035

Joseph P. Busch III (*pro hac vice* application to be filed)
*jbusch@gibsondunn.com*
Wayne W. Smith (*pro hac vice* application to be filed)
*wsmith@gibsondunn.com*
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3898
Fax: (949) 475-4627

*Attorneys for Defendants Kevin M. Modany, John F. Cozzi, John E. Dean, James D. Fowler, Jr., Joanna T. Lau, Samuel L. Odle, Lloyd G. Waterhouse, Vin Weber, John A. Yena, Clark D. Elwood, and Daniel M. Fitzpatrick*

8

-and-

**ALLEGAERT BERGER & VOGEL LLP**

By: _____
Christopher Allegaert (a member of the bar of this Court)
*callegaert@abv.com*
Lisa L. Ruesch (a member of the bar of this Court)
*lruesch@abv.com*
111 Broadway, 20th Floor
New York, New York 10006
Telephone: (212) 571-0550
Fax: (212) 571-0555

*Attorneys for Nominal Defendant ITT Educational Services Inc.*

\* \* \*

## ORDER

The above stipulation having been considered, and good cause appearing therefore,
IT IS SO ORDERED:

_____
U.S.D.J. Victor Marrero

Dated: 22 December 2010

9