UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>ITT EDUCATIONAL SERVICES, INC., KEVIN M. MODANY, and DANIEL M. FITZPATRICK,<br><br>      Defendants. | Case No. 1:10-cv-8323-VM<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF MOTION OF OMEGA CONSENSUS AMERICAN EQUITY FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL FOR THE CLASS** |

#123343

The Omega Consensus American Equity Fund ("Omega Fund") respectfully submits this memorandum in support of its motion for appointment of the Omega Fund as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(3)(B)) (the "PSLRA"), and approval of its selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Cohen Milstein Sellers & Toll PLLC as liaison counsel for the Class.

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of purchasers of the common stock of ITT Educational Services, Inc. ("ITT Educational" or the "Company") from October 23, 2008 through August 13, 2010 (the "Class Period") for violations of the Securities Exchange Act of 1934 (the "Exchange Act").  Throughout the Class Period, defendants issued false and misleading statements regarding the Company's business and financial results.

The Omega Fund is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of investors harmed by the fraud.  The Omega Fund believes it has the largest financial interest in this litigation.  The Omega Fund also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of those of the other Class members and it will adequately represent the Class.  The Omega Fund is a sophisticated institutional investor and is therefore the type of lead plaintiff desired by Congress when it enacted the PSLRA.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

ITT Educational is a for-profit provider of postsecondary degree programs focused on technology-oriented fields.  ITT Educational offers master, bachelor and associate degree programs to approximately 70,000 students.  ITT Educational has over 105 locations in 37 states.

The pending lawsuit charges that, throughout the Class Period, defendants issued materially false and misleading statements about the Company's financial well-being, business relationships, and prospects. Specifically, defendants failed to disclose that: (i) the Company had engaged in improper and deceptive recruiting and financial aid lending practices and, due to the government's scrutiny into the for-profit education sector, the Company would be unable to continue these practices in the future; (ii) the Company failed to maintain proper internal controls; (iii) many of the Company's programs were in jeopardy of losing their eligibility for federal financial aid; and (iv) as a result of the foregoing, defendants' statements regarding the Company's financial performance and expected earnings were false and misleading and lacked a reasonable basis when made.

On August 3, 2010, news began to leak into the market concerning the findings from an undercover operation conducted by the U.S. Government Accountability Office ("GAO") on recruiting techniques used in the for-profit higher education industry. As a result, on August 3, ITT Educational stock declined to a closing price of $78.89 from $82.63 on August 2, 2010. As news continued to come out concerning details of the Government's investigation and the anticipated repercussions from the investigation of ITT Educational's business and prospects, ITT Educational stock continued to decline.

Further on August 13, 2010, after the market closed, the U.S. Department of Education released data on federal student-loan repayment rates at the nation's colleges and universities. The data showed that repayment rates were 54% at public colleges and 56% at private non-profit institutions, compared to just 36% at for-profit colleges. Specifically, the data showed that the repayment rate at ITT Educational was just 31%. On this news, the price of ITT Educational

#123343                                                                                                                                     2

stock dropped 14.61%, or $9.40 per share, from a closing price of $64.33 per share on August 13, 2010 to a closing price of $54.93 per share on August 16, 2010, the following trading day.

The first securities class action complaint was filed on November 3, 2010. As required by the PSLRA, notice of pendency of the action was published that same day, alerting class members to the 60 day deadline (January 3, 2011) to submit motions seeking appointment as lead plaintiff on behalf of ITT Educational investors. A copy of the PSLRA notice is annexed as Exhibit A to the Declaration of Thomas C. Bright ("Bright Declaration" or "Bright Decl."), submitted concurrently herewith. With the filing of this motion, the Omega Fund has met the statutory deadline to request appointment as lead plaintiff.

### III.   ARGUMENT

#### A.   The Omega Fund Should Be Appointed Lead Plaintiff

The Omega Fund respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B); *see also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-098 (S.D.N.Y. 2005).

##### 1.   The Omega Fund Believes It Has The Largest Financial Interest

The Omega Fund should be appointed lead plaintiff because it believes it has the largest financial interest among those seeking appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii). Courts generally consider four factors to determine which movant has the largest

financial interest in the litigation: (1) the gross number of securities purchased during the Class Period; (2) the net number of securities purchased during the Class Period; (3) the net funds paid for the security during the Class Period; and (4) the approximate loss suffered.  *See, e.g.*, *Glauser*, 236 F.R.D. at 187; *In re eSpeed*, 232 F.R.D. at 100.  Based on these factors, the Omega Fund believes it has the largest financial interest in the outcome of this lawsuit.

As the Omega Fund's Certificate indicates, annexed as Exhibit B to the Bright Declaration, it purchased 9,800 ITT Educational common shares during the Class Period.  *See* Bright Decl., Exhibit B.  The Omega Fund has a net expenditure of $712,602.00 for ITT Educational common shares and suffered a loss of $164,509 on a LIFO basis.  The Omega Fund's financial interest in this litigation can be summarized as follows:

| Factor | Omega Fund |
| --- | --- |
| Total Purchases | 9,800 |
| Net purchases | 9,100 |
| Net expenditures | $712,602 |
| FIFO loss ("first in, first out") | $164,509 |
| LIFO loss ("last in, first out") | $164,509 |

Based on these numbers, the Omega Fund believes that it has the largest financial interest of any movant seeking appointment as lead plaintiff.

### 2. The Omega Fund Otherwise Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

The Omega Fund should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  A lead plaintiff movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."  *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998)); *see also In re eSpeed*, 232 F.R.D. at 102 (same).  The Omega Fund unquestionably satisfies both requirements in this case.

"Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002).  The Omega Fund's claims arise from the same course of misconduct as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of ITT Educational shares caused by defendants' false representations.  *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby"); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim").

The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another," "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121.  The Omega Fund satisfies each of these elements of the adequacy requirement.  Its interests are aligned with those of the other Class members and are not antagonistic in any way.  Indeed, the Omega Fund seeks identical relief on identical claims based on identical legal theories.  There are no facts suggesting that any actual or potential conflict of interest exists between the Omega Fund and other Class members.  The Omega Fund has also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the

prosecution of this class action.  *See* Bright Decl., Exhibit B.  Through that Certification, the Omega Fund has accepted the fiduciary obligations undertaken by a lead plaintiff.

In addition, the Omega Fund is the type of lead plaintiff envisioned by Congress in its enactment of the PSLRA: a sophisticated institutional investor with a real financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005); *Glauser*, 236 F.R.D. at 188.

The Omega Fund has further demonstrated its adequacy through its selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and the law firm of Cohen Milstein Sellers & Toll PLLC as Liaison Counsel to represent the Class.  As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified and has demonstrated its ability to effectively litigate securities class action cases.

### B. The Court Should Approve The Omega Fund's Choice Of Lead Counsel And Liaison Counsel

The Court should approve the Omega Fund's choice of the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel.  Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval.  For more than 30 years, Gold Bennett Cera & Sidener LLP has played a leading role in significant securities cases, recovering more than $2 billion for its clients.  A copy of Gold Bennett Cera & Sidener LLP's resume is annexed to the Bright Declaration as Exhibit C. Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an excellent result for the Class.  *See* Bright Decl., Exhibit C. Indeed, the court in *In re Rent-Way Sec. Litig.*,

305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by the firm, stated as follows:

> Having thus initially expressed our confidence in [Gold Bennett Cera & Sidener's] abilities, the Court has not since been disappointed. On the contrary, [Gold Bennett Cera & Sidener] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

The Omega Fund also requests that Cohen Milstein Sellers & Toll PLLC be appointed as Liaison Counsel. This firm likewise has broad experience prosecuting securities fraud class actions in the Southern District of New York and elsewhere. Details of Cohen Milstein Sellers & Toll PLLC's experience are set forth in the firm's resume, annexed as Exhibit D to the Bright Declaration.

Accordingly, the Court should approve the Omega Fund's selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class.

## IV.   CONCLUSION

For the foregoing reasons, the Omega Fund respectfully requests that the Court appoint the Omega Fund as lead plaintiff pursuant to the PSLRA, approve its selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Cohen Milstein Sellers & Toll PLLC as liaison counsel for the Class.

Dated:  January 3, 2011				Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/Kenneth M. Rehns
Christopher Lometti (clometti@cohenmilstein.com)
Kenneth M. Rehns (krehns@cohenmilstein.com)
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (stoll@cohenmilstein.com)
1100 New York Ave, Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Proposed Liaison Counsel
GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera
Thomas C. Bright
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189

Attorneys for Omega Consensus
American Equity Fund
Proposed Lead Counsel for the Class

## **CERTIFICATE OF SERVICE**

  I, Kenneth M. Rehns, liaison counsel for the Plaintiffs, hereby certify that on January 3, 2011, I filed the foregoing with the Clerk of the court using the Court's CM/ECF system which will send electronic notification of such filing to all counsel of record in the within action. Furthermore, a copy of the foregoing was delivered to all counsel of record in the related actions via electronic mail.

/s/Kenneth M. Rehns  
Kenneth M. Rehns
